

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

NORMAN DAVID BROOKS,
                Plaintiff,

-against-

FRIEDRICH VON LENTHE; MATTHIAS SCHMIDT;
NIKOLAI STULA; VGH; SPARKASSE; and
NORD LB,
                Defendants.

----------------------------------------------------------------- X

05-CV-4195 (ARR)(LB)

NOT FOR
ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

Norman David Brooks, a resident of Ontario, California, filed the instant *pro se* action on August 26, 2005. Plaintiff's complaint lists numerous causes of action – discrimination, conspiracy against rights, deprivation of rights, severe mental pain and suffering, slander, illegal confiscation, inhuman and degrading treatment, deprivation of property, fraud, breach of contract, European Union and United Nations human rights violations, insurance bad faith, negligent misrepresentation, and extortion – allegedly arising out of a German insurance company's refusal to pay plaintiff on a policy issued to plaintiff's friend and business associate for a loss of art and antiques that occurred in Goettingen, Germany. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order,[1] but dismisses the complaint for the reasons set forth below.

---

[1] The Order dated January 17, 2006 referring plaintiff's request to proceed *in forma pauperis* to Magistrate Judge Lois Bloom is revoked by this Order.

1

**BACKGROUND**

Plaintiff has filed two previous actions against the same defendants, based upon the same facts, in U.S. District Courts. On March 26, 2004, plaintiff filed a complaint against the same defendants, alleging fourteen of the same causes of action, in the U.S. District Court for the Central District of California. See Brooks v. von Lenthe et al., No. 04-CV-2071 (CBM)(FMO). The District Court for the Central District of California granted a motion to dismiss due to lack of personal jurisdiction on behalf of defendants von Lenthe, Schmidt, Stula, and VGH on June 29, 2004. On August 9, 2004, the District Court for the Central District of California granted defendant Nord LB's motion to dismiss for failure to state a claim, failure to join indispensable parties, and forum *non conveniens*, and the case was closed. Id., slip op. at 3-6.

On April 11, 2005, while the California action was pending, plaintiff filed a complaint in the U.S. District Court for the Southern District of New York ("Southern District") asserting the same claims, against the same defendants, as the instant complaint. See Brooks v. Von Lenthe et al., No. 05 Civ. 3655 (RMB)(AJP). On October 21, 2005, Magistrate Judge Peck issued a Report and Recommendation, concluding that (1) the Court did not have personal jurisdiction over defendants Frederich Von Lenthe, Matthias Schmidt, Nickolai Stula, and VGH (collectively, "VGH defendants") under New York's long-arm statute, and (2) the Court should not pierce the corporate veil in order to hold defendant Nord/LB liable for the alleged tortious conduct of VGH. See Brooks v. Von Lenthe, No. 05 Civ. 3655, 2005 U.S. Dist. LEXIS 24280 (S.D.N.Y. Oct. 21, 2005). Magistrate Judge Peck recommended that defendants' motions to dismiss be granted, stating:

> The Court notes that this is the second time that Brooks has sued the exact same defendants in the United States based on the same events in Germany, and this will be the second time that a United States court has dismissed his case outright. This case is frivolous, and while plaintiff Brooks is *pro se*, that does not exclude him from the consequences of violating Rule 11 of the Federal Rules of Civil Procedure. While the Court at this time will not *sua sponte* impose Rule 11 sanctions on Brooks, he is on notice now that he may (and likely will) be sanctioned in the future for frivolous conduct if he were to file this case again in a United States Court.

Id. at *37-38. By decision and order dated January 24, 2006, the District Court for the Southern District adopted Magistrate Judge Peck's Report and Recommendation in its entirety and dismissed the complaint. See Brooks v. Von Lenthe, No. 05 Civ. 3655, 2006 U.S. Dist. LEXIS 2604 (S.D.N.Y. Jan. 24, 2006). Plaintiff's motion for reconsideration of the January 24, 2006 order was denied on February 9, 2006. Judgment was entered in this case on April 3, 2006. See Brooks, No. 05 Civ. 3655 (RMB)(AJP), Docket #55.

## DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion of fantasy," or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907

3

F.2d 1293, 1295 (2d Cir.1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995) (*sua sponte* dismissal appropriate when "suit is dismissed at the threshold, before any time or expense has been expended").

**B.** *Res Judicata*

The doctrine of *res judicata* precludes the reconsideration of plaintiff's claims against defendant Nord LB decided on the merits by our sister courts in the Central District of California and the Southern District. St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir.1993) (a district court has the power to dismiss *pro se* complaints *sua sponte* on *res judicata* grounds).

In each of plaintiff's previous duplicative actions, plaintiff's identical claim against defendant Nord LB was dismissed for failure to state a claim on which relief may be granted. See, e.g., Brooks, 2006 U.S. Dist. LEXIS 2604, at *5-6 (finding that plaintiff's statement that Nord/LB is "being sued for the damages it's [sic] insurance branch the VGH, which the Nord LB owns and controls, inflicted upon the plaintiff" was "without more, [] insufficient to establish a claim of piercing the corporate veil.") (citing Brooks, 2005 U.S. Dist. LEXIS 24280, at *30-37; Cooper v. Parsky, No. 95 Civ. 10543, 1997 U.S. Dist. LEXIS 4391, at *73 (S.D.N.Y. Jan. 8, 1997) (motion to dismiss granted because plaintiff's complaint failed to allege at least two of the four elements required to prove a veil-piercing claim), vacated on other grounds, 140 F.3d 433 (2d Cir. 1998))). Because plaintiff's claim against defendant Nord LB has been dismissed on the merits in two

previous actions, this court's consideration of the plaintiff's claim against Nord LB is barred by the doctrine of *res judicata*.

C.    **Personal Jurisdiction**

The bulk of this action – the claims against the VGH defendants – were dismissed by both the District Courts for the Central District of California and for the Southern District due to lack of personal jurisdiction. *Res judicata* does not preclude plaintiff from bringing claims which were previously dismissed for lack of personal jurisdiction. Ruhrgras v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (without personal jurisdiction, a court cannot adjudicate the claims on the merits); Harte v. Iberia Airlines, No. 02 Civ. 3624, 2002 WL 1870251, at *2 (S.D.N.Y Aug. 13, 2002) (*res judicata* does not apply because jurisdiction over the parties was never established); Colonomos v. The Ritz-Carlton Hotel Co., No. 98 Civ. 2633, 2002 WL 732113, at *4 (S.D.N.Y. Apr. 25, 2002).

However, this court also finds that it lacks personal jurisdiction over the VGH defendants. The Second Circuit has explained that the resolution of issues of personal jurisdiction involves a two-part analysis. See, e.g., Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). The "court must look first to the long-arm statute of the forum state, in this instance New York. If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208-209 (2d Cir. 2001) (quoting Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)). The plaintiff bears the burden of showing that the court has personal

jurisdiction over the defendant. See, e.g., In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).

In the proceeding brought by plaintiff in the Southern District, the District Court determined that New York's long-arm statute, C.P.L.R. § 302(a),[2] does not authorize a New York court to exercise jurisdiction over the VGH defendants, because:

> 'Brooks has not made a prima facie showing that personal jurisdiction is appropriate over the VGH defendants' under:
> (i) C.P.L.R. § 302(a)(1) 'because he has not shown that any of the VGH defendants transacted business within New York or contracted to supply goods or services in New York;'
> (ii) C.P.L.R. § 302(a)(2) because 'Brooks does not allege that any of the VGH defendants committed tortious acts within New York State;'
> (iii) C.P.L.R. § 302(a)(3) because 'his complaint does not contain any allegations that those alleged tortious acts [occurring in Germany] had any effect whatsoever in New York State, let alone an injury to person or property within New York;' or
> (iv) C.P.L.R. § 302(a)(4) because 'Brooks does not allege that VGH defendants own, use, or possess any real property situated within New York State.'

Brooks, 2006 U.S. Dist. LEXIS 2604, at *4-5 (quoting Brooks, 2005 U.S. Dist. LEXIS 24280, at *18, 20, 23, 24). This court concludes, for the same reasons, that C.P.L.R. § 302(a) does not

---

[2]New York's long-arm statute, C.P.L.R. § 302(a), provides:
As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
    1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
    2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
    3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
        (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
        (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
    4. owns, uses or possesses any real property situated within the state.

authorize the District Court of the Eastern District of New York to exercise jurisdiction over any of the VGH defendants.

Plaintiff's claim against the VGH defendants is "indisputably meritless" because a dispositive defense – lack of personal jurisdiction – clearly appears on the face of the complaint. See, e.g., Pino v. Ryan, 49 F.3d at 53. Therefore, the action against the VGH defendants is dismissed as frivolous. 28 U.S.C. § 1915 (e)(2)(B)(i).

## RULE 11 SANCTIONS

The court declines to impose Rule 11 sanctions on plaintiff since this action was filed before the Southern District warned him against filing similar actions in other United States courts. However, the court agrees with the Southern District that future filing of frivolous actions will likely subject plaintiff to filing restrictions and/or sanctions. See Brooks, 2005 U.S. Dist. LEXIS 24280, at *37-38 (notifying Brooks that "he may (and likely will) be sanctioned in the future for frivolous conduct if he were to file this case again in a United States Court").

## CONCLUSION

The complaint filed *in forma pauperis* is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to forward a copy of plaintiff's complaint and this Opinion and Order to the Clerks of Court in the Central District of California and the Southern District of New York to inform those courts of plaintiff's duplicative filing.

SO ORDERED.

                                                                                      _____
                                                                                      Allyne R. Ross
                                                                                      United States District Judge

Dated: April 10, 2006
            Brooklyn, New York

**SERVICE LIST:**

**Plaintiff, *pro se*:**
Norman David Brooks
405 East Maitland St.
Ontario, CA 91761
909-391-1650


cc: Magistrate Judge Lois Bloom
Jill Hanekamp, Staff Attorney, *Pro Se* Office